LOUIS PAGE, President, etc., *v.* CHAS. CAETANO *et al.*

1. In a cause involving less than five hundred dollars, the District Judge determines finally upon the facts; and he cannot be compelled to order the testimony to be reduced to writing.

2. Where an appellant desires this Court to review the application made by the court *a qua* of the law to all the facts of the case, he may apply for a statement of facts, as provided by C. P. Arts. 602, 603.

3. The reasons for judgment, presented by the judge *a quo*, cannot be treated as a statement of facts, such as contemplated by C. P. Arts. 602, 603.

*Appeal from the Civil District Court, Division D. Rightor, Judge.*

*J. S. Hyams* for appellant.

*A. & M. Voorhies* for defendant.

ROGERS, J.—The amount involved in this case does not exceed five hundred dollars. This Court cannot, on appeal, review the facts. Const. 1879, Art.

We find in the record a bill of exception taken by plaintiff, to the refusal of the judge to order the testimony taken in writing.

When the District Judge is invested by law with complete jurisdiction over the facts, we are at a loss to comprehend, under

---

what rule of court or principle of law he should order the testimony reduced to writing. Such an order might, under the exercise of a sound discretion, or in pursuance of express law, be granted, but when it is manifestly for the purpose, as in this case, of availing a simple desire on the part of one of the litigants, and not necessary, the judge did not err in refusing the application. If, in applying the law to any fact or facts found by the judge, there was error, plaintiff could have obtained a statement of facts under Arts. 602 and 603 of the C. P.; this Court could then have determined whether the law had been correctly applied, but the facts would have remained undisturbed.

At the request of plaintiff's counsel, the judge has signed the following document: "I gave no written opinion in this case—my decision was based on the plea of *res adjudicata.* The whole question had been examined by Judge Skinner, who held that Caetano was president. I think that Page could derive no title to the presidency of the society from an election by his faction, presided over by himself."

This is clearly the reasons of the judge for his decree—in no sense is it a statement of the facts found by him as contemplated by the law. There being no statement of facts and no assignment of error, the only question before us is the one raised in the bill of exception, which we have held was not well taken.

Judgment affirmed.